UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY SAGE,

                              Plaintiff,

v.                                                               1:18-CV-1494
                                                                     (GTS/DJS)
HSBC BANK USA NATIONAL ASSOCIATION, as
Trustee in Trust for Ace Securities Corp., Home Equity
Loan Trust Series 2006-0P2 Asset Backed Pass Through
Certificates,

                              Defendant.
_____

APPEARANCES:                                                             OF COUNSEL:

GREGORY SAGE
  Plaintiff, *Pro Se*
50 Terwilliger Road
Kerhonkson, NY 12446

HOUSER & ALLISON, APC                                       DAVID SETH YOHAY, ESQ.
  Counsel for Defendant
60 East 42nd Street, Suite 1148
New York, NY 10165

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court in this action under the Truth in Lending Act filed by Gregory Sage ("Plaintiff") against HSBC Bank USA National Association ("Defendant"), are the following two motions: (1) Defendant's motion to dismiss the Complaint for failure to state a claim upon which relief can be granted; and (2) Plaintiff's cross-motion to remand this action to state court. (Dkt. Nos. 5, 9.) For the reasons set forth below, Defendant's motion is denied, and Plaintiff's cross-motion is denied.

I.  **RELEVANT BACKGROUND**

   A.  **Plaintiff's Complaint**

Generally, in his Complaint, Plaintiff claims that Defendant failed to notify him when his mortgage was transferred to Defendant as required by 15 U.S.C. § 1641(g). (Dkt. No. 2 [Pl.'s Compl.].) More specifically, Plaintiff alleges that (a) this assignment was not filed with the Ulster County Clerk's Office and that he had been unaware of the assignment until February 2018, and (b) a previous transfer of his mortgage in 2009 was not valid because it included falsified signatures, and therefore Defendant was required to notify him regarding the more-recent transfer underlying his claim. (*Id.*, at ¶¶ 4-6, 8-11.)

   B.  **Parties' Briefing on Defendant's Motion to Dismiss**

      1.  **Defendant's Memorandum of Law**

Generally, in its motion to dismiss, Defendant makes two arguments. (Dkt. No. 5, Attach. 1, at 10-14 [Def.'s Mem. of Law].) First, Defendant argues that Plaintiff's claim must be dismissed because it is barred by the applicable one-year statute of limitations. (*Id.* at 10-12.) More specifically, Defendant argues that (a) the more recent corrective assignment of Plaintiff's mortgage is not subject to the notice provision of 18 U.S.C. § 1641(g) because it was merely a correction and did not actually effectuate a new sale, transfer or assignment, (b) even if the corrective assignment was a new transfer, Plaintiff's claim accrued on August 30, 2015 (31 days after the execution of the corrective assignment on July 30, 2015) and Plaintiff did not file the Complaint until November 16, 2018, (c) equitable tolling does not apply because Plaintiff has not alleged any act of fraudulent concealment by Defendant apart from the mere failure to give notice, let alone conduct sufficient to meet Fed. R. Civ. P. 9(b), and (d) even if Plaintiff has

sufficiently pled fraudulent concealment, the doctrine of equitable tolling would still not make his claim timely because he was made aware of the corrective assignment as early as August 2017 when Defendant served its motion for judgment of foreclosure and sale in the state court action, and Plaintiff did not file the Complaint until November 2018. (*Id.*)

Second, Defendant argues that, in the alternative, Plaintiff's claim is barred by the doctrine of res judicata. (*Id.* at 13-14.) More specifically, Defendant argues that the operative facts underlying the state court foreclosure action and those underlying this action are part of the same transaction or factual grouping, noting that Plaintiff previously argued in the state court action that the corrective assignment constituted a standing defect that merited vacation of the judgment of foreclosure and sale. (*Id.*)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant's motion, Plaintiff makes two arguments. (Dkt. No. 23, at 4-11 [Pl.'s Opp'n Mem. of Law].) First, Plaintiff argues that his claim is not barred by the statute of limitations because he did not become aware of the corrective assignment until February 2018, and that his allegations in the Complaint that Defendant failed to provide timely notice of the corrective assignment and failure to record that corrective assignment with the Ulster County Clerk's Office satisfies the requirements of pleading fraudulent concealment. (*Id.*)

Second, Plaintiff argues that his claim is not barred by res judicata because (a) he did not learn of the corrective assignment until after the judgment was issued in the state foreclosure action, and (b) the state court judge closed the foreclosure action and refused to re-open it and he was thus unable to bring his current claim in that action. (*Id.* at 9-11.) Plaintiff also argues that the Second Circuit standard for res judicata applies in this case rather than the New York

standard relied on by Defendant. (*Id.* at 9-10.)

### 3. Defendant's Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition, Defendant makes two arguments. (Dkt. No. 24, at 4-10 [Def.'s Reply Mem. of Law].) First, Defendant argues that Plaintiff's claim is untimely whether equitable tolling is available or not. (*Id.* at 4-9.) More specifically, Defendant argues that (a) the fact that Defendant failed to notify Plaintiff of the corrective assignment is not sufficient to allege fraudulent intent to merit tolling, (b) Plaintiff's claim is still barred even if tolling applies because the motion containing a copy of the corrective assignment was served on Plaintiff at his home address on August 11, 2017, and Plaintiff never attempted to dispute this service, (c) Plaintiff's own affidavit from February 1, 2018, disproves his allegation that he was unaware of the corrective assignment until February 2018, and (d) Plaintiff's various arguments about missing a referee hearing during the state court proceedings are immaterial because an affidavit of service proves he had received a copy of the corrective assignment on August 11, 2017. (*Id.*)

Second, Defendant argues that Plaintiff's claim is also barred by the doctrine of res judicata because he was served a copy of the corrective assignment before the state court's foreclosure judgment was entered on October 26, 2017, and thus he could have brought a claim related to that corrective assignment in the state court action. (*Id.* at 9-10.)

### C. Parties' Briefing on Plaintiff's Cross-Motion to Remand

### 1. Plaintiff's Memorandum of Law

Generally, in his memorandum of law, Plaintiff makes two arguments. (Dkt. No. 9, at 12-15 [Pl.'s Mem. of Law].) First, Plaintiff argues that this case should be remanded to the state

court because the notice of removal filed by Defendant was untimely by six days, and Defendant failed to file the notice of removal with the Ulster County Clerk's Office. (*Id.* at 12-14.)

Second, Plaintiff argues that the Syracuse Division of the Northern District of New York is the improper venue for his case because Ulster County (where his case was removed from) is in the Albany Division. (*Id.* at 15.)

### 2. Defendant's Opposition Memorandum of Law

In opposition to Plaintiff's motion to remand, Defendant makes three arguments. (Dkt. No. 19, at 4-10 [Def.'s Opp'n Mem. of Law].) First, Defendant argues that remand of this action is not warranted. (*Id.* at 4-7.) More specifically, Defendant argues that (a) this Court has federal-question jurisdiction based on the clear federal nature of Plaintiff's claim, and Plaintiff has not challenged that jurisdiction, (b) the 30-day time limit on filing a notice of removal is procedural and therefore can be waived or extended, (c) Defendant has shown excusable neglect sufficient to merit an extension of time because Plaintiff has not claimed any prejudice or threat of prejudice as a result of removal, the notice of removal was filed only six days after the expiration of the 30-day period, the court proceedings are still in the very early stages, and counsel filed the notice of removal within 28 hours of the referral to represent Defendant, and (d) the balance of equities is in Defendant's favor because this case contains only a federal claim and a fully briefed motion to dismiss is already pending before this Court. (*Id.*)

Second, Defendant argues that the removal was proper under 28 U.S.C. § 1446(d) in that it served a copy of the notice of removal on Plaintiff and mailed a copy by overnight mail to the Ulster County Clerk's Office the same day it filed the notice of removal, and the Clerk's Office filed that notice of removal on January 2, 2019. (*Id.* at 7-9.)

5

Third, Defendant states that it takes no position on whether to move this action to the Albany Division, noting that, contrary to Plaintiff's argument, it did not have any part in choosing where the case was assigned. (*Id.* at 9-10.)

### 3. Plaintiff's Reply Memorandum of Law

Generally, in reply to Defendant's opposition, Plaintiff makes two arguments. (Dkt. No. 21, at 1-7 [Pl.'s Reply Mem. of Law].) First, Plaintiff argues that this case should be remanded because, even though it asserts a federal claim, the main issue in contention (whether a corrective assignment constitutes a new sale or assignment) is actually a matter of New York law that should be decided by a New York court. (*Id.* at 1-5.)

Second, Plaintiff argues that excusable neglect should not be found because Defendant's counsel acted unreasonably in filing the notice of removal before making a reasonable investigation to determine the date on which Defendant was served with the Complaint, arguing that merely relying on information given to him over the phone by someone at the Ulster County Clerk's Office was not a sufficiently reasonable investigation. (*Id.* at 6-7.)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standards Governing a Motion to Dismiss

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.

2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

8

show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Additionally, when alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake," although malice, intent, knowledge, and other conditions of the person's mind need only be generally alleged. Fed. R. Civ. P. 9(b). As to the circumstances of the fraud, "the complaint must '(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent.'" *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 171 (2d Cir. 2015) (quoting *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 [2d Cir. 2004]). As to the defendant's mental state, although the heightened pleading standard does not apply, the plaintiff "must nonetheless allege facts 'that give rise to a

9

strong inference of fraudulent intent.'" *Loreley Fin.*, 797 F.3d at 171 (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 [2d Cir. 2006]). "In determining the adequacy of [the plaintiff's] fraud pleadings under these various requirements, we view the alleged facts in their totality, not in solation." *Loreley Fin.*, 797 F.3d at 171 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 [2007]).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal

### B. Legal Standards Governing a Motion to Remand

After a case has been removed from state court, a district court has a "continuing obligation to satisfy [itself] that federal jurisdiction over the matter before [it] is proper." *Shantz v. Union-Endicott Central School Dist.*, 18-CV-1315, 2019 WL 330510, at *4 (N.D.N.Y. Jan. 25, 2019) (quoting *Filsaime v. Ashcroft*, 393 F.3d 315, 317 [2d Cir. 2004] ). This obligation exists because "[f]ederal courts . . . are courts of limited jurisdiction. Even where the parties are satisfied to present their dispute to the federal courts, the parties cannot confer subject matter jurisdiction where the Constitution and Congress have not." *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001). "The absence of such jurisdiction is non-waivable," and a court cannot decide a case not "properly within [its] subject matter jurisdiction." *Wynn*, 273 F.3d at 157. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In addition, the Second Circuit has instructed that a court is required to "construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enters.*, 932 F.2d 1043, 1045-1046 (2d Cir.1991); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 176 (S.D.N.Y.2003) ("The defendant's right to remove and the plaintiff's right to choose the forum are not equal, and uncertainties are resolved in favor of remand.")

---

quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

(citation omitted). As such, the burden is on the party which removed the action to federal court to demonstrate (a) jurisdictional basis, and (b) compliance with the statutory requirements. *Smith v. Kinkead*, 03-CV-10283, 2004 WL 728542, at *1 (S.D.N.Y. Apr. 5, 2004) (citation omitted).

## III. ANALYSIS

Because the propriety of removal is a threshold issue in this case, the Court will address the merits of Plaintiff's cross-motion before addressing the merits of Defendant's motion.

### A. Whether This Action Should Be Remanded to State Court

After careful consideration, the Court answers this question in the negative for the reasons stated in Defendant's opposition memorandum of law. (Dkt. No. 19, at 4-9 [Def.'s Opp'n Mem. of Law].) To those reasons, the Court adds the following analysis.

As Defendant points out, Plaintiff does not appear to argue that this Court lacks subject-matter jurisdiction over his Complaint. This makes sense given that the sole claim asserted is based on a federal statute. Of course, Plaintiff's arguments that resolution of this issue would involve consideration of state law issues, particularly related to whether the corrective assignment constituted a sale or assignment under New York law, does not divest the Court of subject-matter jurisdiction.

Because subject-matter jurisdiction exists, the Court must consider whether or not Defendant's admittedly untimely filing of the Notice of Removal[2] was the result of excusable neglect and thus eligible for an extension of time. Rule 6(b)(1)(B) of the Federal Rules of Civil

---

[2] A Notice of Removal must be filed within 30 days of service of the initial pleading on a defendant. 28 U.S.C. § 1446(b). According to the parties' briefing, the Complaint was filed with the relevant state court on November 16, 2018, and was served on Defendant on November 21, 2018. (Dkt. No. 9, at 2, 6.) The Notice of Removal was not filed with this Court until December 27, 2018. (Dkt. No. 1.) The removal was therefore six days late.

Procedure states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." To determine whether a party's neglect is excusable, a district court should take into account "all relevant circumstances surrounding the party's omission," including "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). Excusable neglect under Fed. R. Civ. P. 6(b) "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. at 391-92. "[A]n application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Kernisant v. City of New York*, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) (quoting C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure* § 1165 [2d ed. 1986].)[3]

---

[3] The Court notes that Plaintiff's citation to *Green v. Zuck*, 133 F. Supp. 436 (S.D.N.Y. 1955), does not stand for the proposition that a court can never extend the time limit for removal. To the extent that this case remains good law despite the passage of more than 50 years and amendments to the relevant law and Federal Rules of Civil Procedure, the Court notes that the Southern District in *Green*, noted that, although the time limit for removal in 28 U.S.C. § 1446(b) was mandatory, mandatory did not mean jurisdictional, and specifically found that notice of removal not filed within the required time did not constitute a jurisdictional defect. *Green*, 133 F. Supp. at 437-38. Rather, 50 years later, the Southern District noted that such extensions of time are in fact allowed in equitable circumstances. *See Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 430-31 (S.D.N.Y. 2005) (discussing how assessment of the one-year limitation in Section 1446 applicable to removal based on diversity jurisdiction parallels assessment of the 30-day limitation, noting both that these limitations are not jurisdictional and that extensions are permitted upon a finding of waiver or estoppel, after a consideration of factors including plaintiff's behavior, the fairness of allowing the extension, and the systemic interest in efficiency and respect for the state courts); *Legal Aid Society v. City of New York*, 97-CV-7566, 1998 WL

Defendant indicates, in the affidavit of then-counsel Mr. Park, that counsel was not appointed to represent Defendant until December 26, 2018, and that the copy of the Complaint that he was given did not contain an affidavit of service or any other indication of the date that Complaint had been served on Defendant. (Dkt. No. 19, Attach. 1, at ¶¶ 4-5 [Park Aff.].) Mr. Park states that, on December 26, 2018, he called the Ulster County Clerk's Office to confirm the date of service, but was told that the office was unable to give him that information because it had not yet been scanned into the electronic database.[4] (*Id.*) Based on the inability to discern the date of service, Mr. Park states he filed the notice of removal the next day (December 27, 2018) and also sent copies of that notice to both Plaintiff and the Ulster County Clerk's Office; the Clerk's Office filed that notice on January 2, 2019. (*Id.* at ¶ 6.) Mr. Park additionally states that he was unaware that the Complaint had actually been served on Defendant on November 21, 2018, at the time he filed the Notice of Removal. (*Id.* at ¶ 8.)

The Court finds that the above-referenced explanation is sufficient to show excusable

---

689950, at *1 (S.D.N.Y. Sept. 30, 1998) (finding that the 30-day deadline set forth in 28 U.S.C. § 1446 may be equitably tolled). The Southern District also noted that Congress' purpose in creating the time limits was to prevent removal after substantial progress had been made in the state court, a circumstance that is not present in the case here. *Hill*, 386 F. Supp. 2d at 431. Plaintiff's contention that courts are not permitted to grant extensions to the removal time limitation is not consistent with the relevant law.

[4] Plaintiff argues in his reply memorandum of law that the Ulster County Clerk's Office's electronic database shows that the relevant documents were scanned on November 30, 2018, 26 days before Defendant's phone call. (Dkt. No. 21, at 2 n.1 [Pl.'s Reply Mem. of Law].) However, Plaintiff has not provided any print-out or other form of this database to support his allegation. Additionally, upon attempting to check "nylanddocuments.com" (a website on which the Ulster County Clerk's Office posts court records online, according to Plaintiff) the Court was unable to find any such website. Plaintiff's unsupported allegation therefore does not contradict Mr. Park's sworn statement as to what he was told by a representative of the Clerk's Office during the phone call or otherwise suggest that Mr. Park made any false statement in this respect.

neglect. Mr. Park's affidavit substantiates that it was the late appointment of counsel that resulted in the untimeliness rather than any delay by counsel. Mr. Park did everything possible to mitigate the delay by filing the Notice of Removal the day after he was appointed to represent Defendant. The Court therefore cannot say that there is any evidence to suggest that Mr. Park's conduct contributed to the untimeliness of the Notice of Removal or that Defendant or Mr. Park otherwise acted in bad faith. Contrary to Plaintiff's argument, the fact that Mr. Park chose to file the Notice of Removal immediately upon being unable to determine the date the Complaint was served was not a lack of reasonable investigation. Plaintiff seems to fault Mr. Park for failing to check a website (which, as the Court has previously noted, does not appear to exist) and in relying on the statements by a representative of the Ulster County Clerk's Office that the relevant information he was looking for had not yet been processed by the Clerk's Office. However, Plaintiff fails to explain how this was improper: the longer Mr. Park waited to file the Notice of Removal, the greater the likelihood that the filing would be untimely, and therefore Mr. Park acted prudently in filing the Notice of Removal as soon as possible after being unable to obtain the specific information he needed from the most reliable source of that information, the Clerk's Office itself.

Additionally, the delay in this case was minimal, with the Notice of Removal having been filed just six days after the required date; and there is no indication of any prejudice or threat of prejudice resulting from allowing an extension of time related to the Notice of Removal. Based on all the relevant circumstances, the Court find that Defendant has demonstrated excusable neglect. *See Blandford v. Broome Cnty Gov.*, 193 F.R.D. 65, 69 (N.D.N.Y. 2000) (McAvoy, J.) (finding excusable neglect in failing to file an answer where the defendants moved for

15

enlargement of time to file that answer within one week of being notified that the time to answer had expired, noting the preliminary stage of the litigation and defendant's "prompt action to resolve the alleged discrepancies surrounding the service of the complaint and answer" that made it unlikely plaintiff would be able to show prejudice).

For all of the above reasons, the Court grants Defendant's requested extension pursuant to Fed. R. Civ. P. 6(b)(1) and denies Plaintiff's motion to remand.

### B. Whether Plaintiff's Claim Should Be Dismissed

After careful consideration, the Court answers this question in the negative for the following reasons.

As an initial matter, the Court notes that both bases for Defendant's motion to dismiss (statute of limitations and res judicata) are affirmative defenses. Affirmative defenses, like other arguments, are subject to the typical standards of Fed. R. Civ. P. 12(b)(6), including the bar on consideration of extrinsic evidence. *See Fernandez v. Windmill Distrib. Co.*, 12-CV-1968, 2016 WL 4399325, at *3 (S.D.N.Y. Aug. 17, 2016) (rejecting argument that the court should have reviewed extrinsic materials related to an affirmative defense and granted their motion to dismiss based on those materials, and noting that the decision of whether to convert a motion to dismiss into a motion for summary judgment is substantially discretionary); *Szulik v. Tagliaferri*, 966 F. Supp. 2d 339, 366 (S.D.N.Y. 2013) ("[A] statute of limitations defense based on extrinsic evidence is 'of dubious propriety on motion to dismiss.'").

This bar on the consideration of extrinsic evidence poses a significant problem for Defendant on this motion. In particular, Defendant's arguments related to both the doctrine of equitable tolling and the doctrine of res judicata are based at least in part on the fact that the

relevant corrective assignment submitted with Defendant's motion for judgment of foreclosure and sale at the state court in August 2017; however, Plaintiff does not include any allegations about that motion or the foreclosure proceedings in the Complaint. Rather, he alleges that he received the relevant corrective assignment in February 2018. (Dkt. No. 2, at ¶ 4 [Pl.'s Compl.].) Therefore, even if the Court may consider the corrective assignment itself as being incorporated by reference into the Complaint, the Court may not consider the motion for judgment of foreclosure and sale as being so incorporated. Under the circumstances, Defendant's affirmative defenses would be more appropriately considered pursuant to a motion for summary judgment.[5]

Defendant has also argued, in connection with its statute of limitations defense, that the corrective assignment is not subject to the notice provisions of 15 U.S.C. § 1641(g) because it did not effectuate or memorialize a sale, transfer, or assignment of the note or mortgage to a new creditor, but rather merely corrected a deficiency in the original assignment. (Dkt. No. 5, Attach. 1, at 11 [Def.'s Mem. of Law].) Section 1641(g)(1) of Title 15 of the United States Code (titled "Notice of New Creditor") states, in relevant part, that, "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including–(A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where the transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor." 15 U.S.C. § 1641(g)(1). This section

---

[5] The Court notes that it does not appear that Defendant has requested that its motion be converted to one for summary judgment, nor does the Court find a basis for doing so at this stage.

therefore makes clear by its plain language that the notice requirement is applicable only where the mortgage loan has been assigned to a "new creditor."

In support of his claim, Plaintiff alleges that the corrective assignment of his mortgage loan assigned that loan from the original lender (Option One Mortgage Corporation) to a new creditor (Ace Securities Corporation, for which Defendant is the trustee). (Dkt. No. 2, at ¶ 4 [Pl.'s Compl.].) However, in his discussion of the background history of the mortgage loan, Plaintiff alleges that, as early as 2009, there was a document that purported to assign the mortgage loan to Defendant as trustee for Ace Securities Corporation. (*Id.* at ¶ 8-9.) Such factual allegations plausibly suggest that Ace Securities Corporation (and Defendant, as its trustee) was not a "new creditor" as a result of the subsequent corrective assignment because it had already been assigned the mortgage loan back in 2009, in which case the Complaint would be untimely without any consideration of the extrinsic evidence discussed above.

However, Plaintiff also alleges that the original 2009 assignment was not valid because it bore the signatures of "Linda Green" and "Tianna Thomas" as vice president and assistant vice president of the assigning party, persons whom Plaintiff alleges do not exist. (*Id.* at ¶ 9-11.) If Linda Green and Tianna Thomas are in fact the persons they are stated to be, the fact that other persons ("a bunch of college kids," as Plaintiff alleges) signed their names to the assignment would not invalidate the assignment. *See Korkirtsev v. Wells Fargo Bank Nat. Ass'n*, 12-CV-06056, 2014 WL 3888301, at *3 (E.D.N.Y. Feb. 3, 2014) (rejecting an argument that an assignment was invalid where the signatory used a rubber stamp or an electronic signature rather than signing it by hand, noting that, under New York's statute of frauds, "a name or other symbol attached to a piece of paper with the intent to authenticate it creates a valid signature").

18

However, because the Court must accept all the facts alleged in the Complaint as true on a motion to dismiss, the Court must assume for the purposes of this motion that Linda Green and Tianna Thomas are indeed fictitious persons. Consequently, Plaintiff's factual allegations are sufficient to plausibly suggest that the 2009 assignment was not a valid assignment, in which case the subsequent corrective assignment (which was signed by a different person) made Defendant a "new creditor" at that time, and, as such, subject to the notice requirement of 15 U.S.C. § 1641(g)(1). Because the corrective assignment is seemingly the relevant assignment document, the Court finds that it cannot make a determination on Defendant's assertion of affirmative defenses for the reasons already discussed previously in this section.

Based on the above, the Court denies Defendant's motion to dismiss.

**C. Whether This Case Should Be Reassigned to an Albany-Based District Judge**

After careful consideration, the Court answers this question in the negative. The Court notes, as an initial matter, that Plaintiff has not cited any authority indicating that assignment of the case to the undersigned is inappropriate or in any way implicates venue. The Court notes as an initial matter that Magistrate Judge Daniel J. Stewart, who has been assigned as the Magistrate Judge in this action, is in fact located at the Albany courthouse. (*See* Dkt. No. 3 [setting Initial Conference before Magistrate Judge Stewart in Albany].) The Court also notes that, although the undersigned is located at the Syracuse courthouse, he routinely travels to the Albany courthouse to hear matters in assigned cases. This case therefore is not "located" in the Syracuse Division specifically for the purposes of venue, as Plaintiff asserts, but was merely assigned to the relevant judges based on this Court's assignment system. As such, there is no venue issue present in this case, and the Court construes Plaintiff's request as one for reassignment to an Albany-based

District Judge.

The Court notes that civil litigation before this Court very rarely requires physical travel to or appearance at the Court's location, but rather, with the exception of trial, is conducted almost solely through submission of papers by electronic filing. Because there are still significant pretrial activities to be conducted that do not require physical appearance (many of which would, in any event, be managed by Magistrate Judge Stewart in Albany), the Court sees no reason necessitating reassignment to an Albany-located District Judge, particularly given that the undersigned is already familiar with the factual allegations and legal proceedings in this case as a result of assessing Defendant's motion to dismiss. *See Park v. McGowan*, 11-CV-3454, 2011 WL 6329797, at *4 (S.D.N.Y. Dec. 16, 2011) (noting that "[a]lthough the case is still in its early stages, a transfer would if anything delay resolution of this dispute as a new court familiarized itself with the facts of this case").

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 5) is **<u>DENIED</u>**; and it is further

**ORDERED** that Plaintiff's cross-motion to remand (Dkt. No. 9) is **DENIED**.

Dated: August 26, 2019
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
Chief U.S. District Judge