**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GREGORY SAGE,

                                        Plaintiff,

                                                              1:18-CV-1494
                    v.                                        (GTS/DJS)

HSBC BANK USA NATIONAL ASSOCIATION, *as*
*Trustee in Trust for Ace Securities Corp. Home Equity*
*Loan Trust Series 2006-0P2 Asset Backed Pass*
*Through Certificates*,

                                        Defendant.


**APPEARANCES:**                                **OF COUNSEL:**

GREGORY SAGE
Plaintiff, *Pro Se*
50 Terwilliger Road
Kerhonkson, NY 12446

HOUSER LLP                                      DAVID SETH YOHAY, ESQ.
Attorney for Defendant
60 East 42nd Street
Suite 2330
New York, NY 10165

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the present action pursuant to the Truth in Lending Act, alleging that

Defendant failed to notify him when his mortgage debt was transferred to Defendant as

required by 15 U.S.C. § 1641(g).  Dkt. No. 2, Compl.  Plaintiff alleges that a 2015

assignment was not filed with the Ulster County Clerk's Office and he was unaware of the assignment until February 2018; he alleges a previous transfer of the debt in 2009 was not valid because it included the falsified signatures of Linda Green and Tianna Thomas, and therefore Defendant was required to notify him regarding the more recent transfer. *Id.* Defendant moved to dismiss the case, contending in part that the claim was barred by the applicable one year statute of limitations.  Dkt. No. 5.  Defendant contended that the 2015 corrective assignment of Plaintiff's mortgage is not subject to the notice provision because it was merely a correction and did not actually effectuate a new sale, transfer, or assignment.  *Id.*  It further contended that even if the corrective assignment was a new transfer, Plaintiff's claim accrued years before he filed the Complaint, and equitable tolling does not apply because Plaintiff has not alleged any fraudulent concealment by Defendant apart from the mere failure to give notice.  *Id.*  Defendant asserted that even if Plaintiff had sufficiently pled fraudulent concealment, the doctrine of equitable tolling still would not make his claim timely because he was made aware of the corrective assignment as early as August 2017 when Defendant served its motion for judgment of foreclosure and sale in the state court action. *Id.*

The District Court noted that on a motion to dismiss it could not consider Defendant's contentions regarding the state court motion for judgment of foreclosure and sale, as Plaintiff only alleged in the Complaint that he received the corrective notice in February 2018, and noted that these defenses would be more appropriately considered on a motion for summary judgment.  Dkt. No. 28, pp. 16-17.  The Court noted that on a motion to dismiss accepting all the facts in the Complaint as true, the Court must assume

that Linda Green and Tianna Thomas are fictitious persons as alleged in the Complaint. *Id.* at pp. 18-19.  As such, the Court found the allegations were sufficient to plausibly suggest that the 2009 assignment was not a valid assignment, in which case the subsequent corrective assignment made Defendant a "new creditor" and would be subject to the notice requirement, and that Plaintiff was not informed until February of 2018.  *Id.* at p. 19.  The District Court therefore denied Defendant's motion to dismiss.

## II.  DISCOVERY DISPUTE

Presently before the Court are Plaintiff's submissions outlining the discovery that he seeks.  Dkt. Nos. 48 & 49.  Defendant has responded.  Dkt. No. 50.  Plaintiff and Defendant submitted further letters which the Court has also reviewed and considered. Dkt. Nos. 51, 52, 55, 56, 57, & 58.

In its response, Defendant argues Plaintiff's requests are irrelevant because the debt obligation was actually transferred in 2006, and that any mortgage assignment that occurred in 2009 or 2015, which did not include the debt obligation, is irrelevant.  Dkt. No. 50.  Defendant argues that it has clear evidence that the debt obligation was transferred in 2006 rather than 2009 or 2015, and that Plaintiff has no evidence that contradicts it.  *Id.*  Therefore, Defendant argues that any discovery sought regarding the 2009 or 2015 transfers is not proportionally relevant to the needs of the case.

Plaintiff seeks production be compelled on Document Request Nos. 1-4, which request communications between Defendant and one other corporation regarding the subject property from July 1, 2014 through August 30, 2015; a log regarding the property from July 1, 2014 through August 30, 2015; and an opinion of a title insurance company

between January 1, 2014 and August 30, 2015 regarding a transfer of title based on the assignment.  *See* Dkt. No. 50-1.  These requests appear proportionally relevant to Plaintiff's claims.  In its arguments to the Court, Defendant appears to be asking the Court to make a determination as to what the evidence shows and make a merits decision that the evidence invalidates Plaintiff's claims, in order to determine that Plaintiff's requests are irrelevant.  Dkt. No. 50.  Given the posture of the case, and the decision on the motion to dismiss, however, the requests are proportionally relevant because they seek information regarding the alleged assignment at issue.  As such, Plaintiff's motion to compel production of Document Request Nos. 1-4 is granted.

In Dkt. No. 49, Plaintiff requests a response to Interrogatory No. 3, asking when the Jaime Ellis indorsement of the allonge was signed.  *See also* Dkt. No. 52.  Upon review of the parties' submissions, the Court finds this interrogatory is proportionally relevant to Plaintiff's claim, and the Court grants Plaintiff's Motion and directs Defendant to provide when the allonge was signed.

Plaintiff also requests Defendant be ordered to more fully answer Notices to Admit Nos. 1 and 2.  As for Defendant's response to No. 1, Plaintiff only asserts that the response is untrue.  Dkt. No. 48 at p. 3.  Defendant has therefore provided a direct response, which the Court will allow to stand.  As for No. 2, in its response to Plaintiff's Motions, Defendant states that it denied No. 2; however, in reviewing Defendant's response, the

Court does not find the response to be clear.  *See* Dkt. No. 50 at p. 4 & Dkt. No. 50-1.

Defendant is ordered to supplement its response to more directly respond to the request.[1]

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motions to Compel are **GRANTED IN PART** and **DENIED IN PART** as outlined above; and it is further

**ORDERED**, that Defendant provide the discovery outlined above to Plaintiff within 45 days of this Decision and Order.

Dated:  June 5, 2020
        Albany, NY

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] Defendant also includes a portion of Plaintiff's deposition where he states that he is "not sure, why, in the Federal case, we're even discussing Jamie Ellis," that he "do[esn't] care what happens here" and also that his "goal" is to "go back to State Court." Dkt. No. 56.  Plaintiff objects and asks that he be given a copy of his deposition to provide context to this; defense counsel states he already provided Plaintiff a copy of it.  Dkt. Nos. 57 & 58.  If Plaintiff has not been provided a copy of his deposition transcript, defense counsel is instructed to provide it to Plaintiff.  The Court is not authorizing further submissions on this topic at this time, however.  To the extent Plaintiff intends to engage in vexatious or harassing litigation, he is warned that such behavior may result in sanctions up to and including the dismissal of his Complaint.