UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY SAGE,

                          Plaintiff,

                                                          1:18-CV-1494
v.                                                        (GTS/DJS)

HSBC BANK USA NATIONAL ASSOCIATION, as
Trustee in Trust for Ace Securities Corp., Home
Equity Loan Trust Series 2006-0P2 Asset-Backed
Pass-Through Certificates,

                          Defendant.
_____

APPEARANCES:                              OF COUNSEL:

GREGORY SAGE
  Plaintiff, *Pro Se*
60 Terwilliger Road
Kerhonkson, NY 12446

HOUSER LLP                                DAVID S. YOHAY, ESQ.
  Counsel for Defendant
60 East 42nd Street, Suite 2330
New York, NY 10165

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this action under the Truth in Lending Act filed by

Gregory Sage ("Plaintiff") against HSBC Bank USA National Association ("Defendant"), is

Defendant's motion for summary judgment. (Dkt. No. 69.) For the reasons set forth below,

Defendant's motion is granted.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Complaint

Generally, in his Complaint, Plaintiff claims that Defendant failed to notify him when his

mortgage was transferred to Defendant as required by 15 U.S.C. § 1641(g).  (Dkt. No. 2 [Plf.'s

Compl.].)  More specifically, Plaintiff alleges that (a) this assignment was not filed with the

Ulster County Clerk's Office, and he was unaware of the assignment until February 2018, and

(b) because a previous transfer of his mortgage in 2009 was not valid in that it included falsified

signatures, Defendant was required to notify him regarding the more-recent transfer underlying

his claim.  (*Id.*, at ¶¶ 4-6, 8-11.)

### B.      Undisputed Material Facts

Despite having been repeatedly notified of the consequences of doing so,[1] Plaintiff has

violated Local Rule 56.1(b) (formerly Local Rule 7.1[a][3]) of the Court's Local Rules of

Practice, which requires opponents of a motion for summary judgment to file a response

expressly admitting or denying (in matching numbered paragraphs and with appropriate record

citations) each of the factual assertions in the movant's Statement of Material Facts.  (*Compare*

Dkt. No. 69, Attach. 2 [Def.'s Rule 56.1(a) Statement] *with* Dkt. No. 82, at 27-36 [Plf.'s

Response to Def.'s Motion].)[2]  On this ground alone, the Court may deem Defendant's properly

---

[1]      (Dkt. No. 4; Dkt. No. 69, Attach. 33; Dkt. No. 71, at 2.)

[2]      The Court notes that, in response to Defendant's motion for summary judgment, Plaintiff
filed not a Rule 7.1 (or 56.1) Response but a "FRCP 56.1 b 1 Statement."  (Dkt. No. 82, at 27-
36.)  Such a document, which omits admissions/denials and attempts to assert undisputed
material facts, has no place in the procedure established by Local Rule 7.1 (or 56.1) and will be
disregarded.  *See Binghamton-Johnson City Joint Sewage Bd. v. Am. Alternative Ins. Corp.*, 12-
CV-0553, 2015 WL 2249346, at *11 n.1 (N.D.N.Y. May 13, 2015) (Suddaby, J.) ("Neither the
Federal Rules of Civil Procedure nor the Local Rules of Practice [for the N.D.N.Y.] permit such
a counterstatement in response to a motion for summary judgment. . . . This, of course, makes
sense, given that what is needed for a non-movant to defeat a motion is a genuine dispute of fact;
and the only point of asserting undisputed facts would be to prevail on a cross-motion for
summary judgment."); *accord*, *Davis v. City of Syracuse*, 12-CV-0276, 2015 WL 1413362, at *2

supported factual assertions as having been admitted by Plaintiff.  The Court has no duty to *sua sponte* sift through the record to assure itself there is no genuine dispute of material fact.[3]

However, in the interest of thoroughness, the Court will recite the material facts that, based on its review of the record, it finds to be both established by Defendant and undisputed by the record.

1.   Plaintiff received a loan in the original amount of $200,000 (the "Loan") from Option One Mortgage Corporation, which was memorialized by a note, dated May 5, 2006 (the "Note").

2.   The Loan was secured by a mortgage on the premises commonly known as 60 Terwilliger Road, Kerhonkson, New York 12446 (the "Property"), dated May 5, 2006, given by Defendant to Option One (the "Mortgage").

3.   The Mortgage was recorded by the Ulster County Clerk on May 16, 2006, as instrument number 2006-00012658.

4.   The Note was repayable as follows: the sum of $1,523.68 on July 1, 2006, and a like sum each and every month thereafter June 1, 2008, at which time the monthly

---

n.1 (N.D.N.Y. Mar. 27, 2015) (Suddaby, J.); *N.Y. Teamsters v. Express Servs., Inc.,* 426 F.3d 640, 648-49 (2d Cir. 2005) (upholding grant of summary judgment where "[t]he district court, applying Rule 7.1[a][3] strictly, reasonably deemed [movant's] statement of facts to be admitted" because the non-movant submitted a responsive Rule 7.1[a][3] statement that "offered mostly conclusory denials of [movant's] factual assertions and failed to include any record citations"); *Meaney v. CHS Acquisition Corp.*, 103 F. Supp. 2d 104, 108-09 (N.D.N.Y. 2000) (Kahn, J.) (deeming assertions in movant's Rule 7.1 Statement where non-movant's Rule 7.1 Response did not mirror the Rule 7.1 Statement); *Phipps v. New York State Dept. of Labor*, 53 F. Supp. 2d 551, 556 (N.D.N.Y. 1999) (McAvoy, C.J.) ("Because plaintiff's 129 paragraph response did not mirror the 7.1(a)(3) Statement submitted by the defendant, the facts set forth in defendant's 7.1(a)(3) Statement are deemed admitted.").

[3]   *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

payment amount is to be determined by the interest rate prevailing on that day and the first day of every sixth month thereafter until the maturity date of June 1, 2036, at which time the entire residue should become due and payable.

5.  Pursuant to the Pooling and Servicing Agreement of October 1, 2006, and the accompanying Mortgage Loan Schedule, the Loan was conveyed to Defendant.

6.  Defendant has continuously owned the Loan since its acquisition in 2006.

7.  Defendant has never sold or otherwise transferred or assigned the Loan to a new creditor.

8.  Pursuant to the Custodial Agreement of October 1, 2006, Wells Fargo Bank, N.A. ("Wells Fargo") is Defendant's document custodian.

9.  Between May 5, 2006, and May 18, 2006, Jamie Ellis, Assistant Secretary for Option One, endorsed the original Note in blank by signing an allonge that was firmly affixed to the original Note.

10. On June 16, 2006, the original "wet ink" Note with a firmly affixed allonge bearing Option One's endorsement in blank was delivered to Wells Fargo, as Defendant's custodian.

11. Defendant, through Wells Fargo, has maintained continuous physical possession of the original "wet ink" Note, endorsed in blank, since June 16, 2006.

12. The Mortgage was also assigned to the Trust, as memorialized by the assignment of mortgage, dated April 20, 2009, and recorded by the Ulster county Clerk on April 24, 2009, as instrument number 2009-00006019 (the "2009 Assignment of Mortgage").

13. Plaintiff breached his obligations pursuant to the Note and the Mortgage by

failing to tender the installment that became due and payable on August 1, 2008, and subsequent installments.

14. As of August 18, 2020, no payment has been made on the Loan since Plaintiff's default on August 1, 2008.

15. During this period, Defendant has paid the taxes and insurance on the Property.

16. On April 23, 2009, Defendant commenced an action in the Supreme Court of the State of New York, County of Ulster to foreclose the Mortgage due to Plaintiff's default under the Loan (the "Foreclosure Action").

17. Defendant's foreclosure counsel attempted to record a corrective assignment of mortgage, dated July 30, 2015.

18. On August 19, 2015, the Ulster County Clerk rejected and refused to record the 2015 assignment of mortgage upon finding that the 2009 assignment of mortgage was a "good/clean assignment along with the acknowledgment."

19. On August 3, 2017, Defendant moved for a judgment of foreclosure and sale in the Foreclosure Action.  Defendant's motion consisted of more than 100 pages.

20. Defendant annexed a copy of the 2015 assignment of mortgage to its August 3, 2017, motion.

21. On August 11, 2017, Defendant mailed the motion, including the 2015 assignment of mortgage, to Plaintiff at the Property.

22. Defendant obtained a judgment of foreclosure and sale, dated October 26, 2017, and filed it with the Ulster County Clerk's Office on October 30, 2017.

23. On February 1, 2018, Plaintiff presented a proposed order to show cause in the foreclosure action for a motion to vacate the judgment of foreclosure and sale on

the basis of the 2015 assignment of mortgage and other grounds.

24.     Although Plaintiff briefly mentioned a failure to serve as required under CPLR §
        4313 in his order to show cause, Plaintiff failed to contend in his motion to vacate
        that he was not served or timely served with Defendant's motion for a judgment
        of foreclosure and sale.

25.     On April 5, 2018, the Hon. Christopher E. Cahill, J.S.C., determined that there
        was "no viable basis to vacate the Judgment of Foreclosure" and denied
        Plaintiff's motion.

26.     As of the filing of this action, Plaintiff has filed nine motions and four notices of
        appeal in the Foreclosure action.

27.     On November 16, 2018, Plaintiff commenced the current action in the Supreme
        Court of Ulster County.

28.     Plaintiff verified the contents of the Complaint in a sworn verification
        accompanying the Complaint. The Complaint purports to state one claim for a
        violation of the "notice of new creditor" provision of the federal Truth in Lending
        Act ("TILA"), 15 U.S.C. § 1641(g).

29.     Plaintiff's Complaint alleges that Defendant failed to properly notify him of the
        2015 assignment of mortgage and that he first received the 2015 Assignment of
        Mortgage in the mail in February 2018.

30.     On December 27, 2018, Defendant removed this action to the United States
        District Court for the Northern District of New York on the basis of federal-
        question jurisdiction pursuant to 28 U.S.C. § 1331.

31.     On November 26, 2019, Plaintiff attended the Rule 16 conference before

Magistrate Judge Daniel J. Stewart in this action.

32.    At the Rule 16 conference, Plaintiff represented to Magistrate Judge Stewart that

he has "been searching [for] ways to open up discovery again" in the Foreclosure

action and that he is on a "fishing expedition" with this action.  (Dkt. No. 69,

Attach. 28, at 4-5.)

33.    At the Rule 16 conference, Plaintiff also stated as follows:

> So in – my main goal here, okay, is – of course, if there was any way that
> I could just rape the bank for money right now – what I really want is I
> want this case, not this case in front of your court, but eventually, okay, I
> want this case to make it back down to Ulster County – in the Supreme
> Court of Ulster County so that I can have a trial and I can present evidence
> which has been denied to me now for ten years.

34.    On March 13, 2020, Plaintiff appeared for a deposition in this action.

35.    At his deposition, Plaintiff testified that he was not at all concerned about the

outcome of this action because the true goal was to defeat the Foreclosure action.

36.    Plaintiff further testified that he did not first become aware of the 2015

assignment of mortgage until August 2018 or August 2019.

Familiarity with the remaining undisputed material facts of this action, as well as the

disputed material facts is assumed in this Decision and Order, which (again) is intended

primarily for review by the parties.

**C.    Parties Briefing on Defendant's Motion for Summary Judgment**

**1.    Defendant's Memorandum of Law**

Generally, in its motion for summary judgment, Defendant asserts three alternative

arguments.  (Dkt. No. 69, Attach. 1 [Def.'s Memo. of Law].)  First, Defendant argues that

Plaintiff fails to establish a claim under TILA, because the 2015 assignment of mortgage did not assign the debt obligation to Defendant. (*Id.* at 6-10.) More specifically, Defendant argues that the 2015 assignment of mortgage was a corrective assignment of Plaintiff's mortgage (and is thus not subject to the notice provision of 18 U.S.C. § 1641[g]) because it did not actually effectuate a new sale, transfer, or assignment. (*Id.*)

Second, Defendant argues that, in any event, Plaintiff's TILA claim is time-barred by the statute's one-year statute of limitations. (*Id.* at 15-21.) In particular, Defendant argues as follows: (a) Plaintiff's claim accrued on August 30, 2015 (31 days after the execution of the corrective assignment on July 30, 2015), and Plaintiff did not file his Complaint until November 16, 2018; (b) equitable tolling does not apply because Plaintiff has not alleged any act of fraudulent concealment by Defendant apart from the mere failure to give notice, let alone conduct sufficient to meet Fed. R. Civ. P. 9(b); and (c) even assuming Plaintiff has sufficiently pled fraudulent concealment, the doctrine of equitable tolling would still not render his claim timely, because he was made aware of the corrective assignment as early as August 2017 when Defendant served its motion for judgment of foreclosure and sale in the state court action, Plaintiff did not file his Complaint until November 2018, and he has failed to rebut the presumption of proper service. (*Id.*)

Third, in the alternative, Defendant argues that Plaintiff's claim is barred by the doctrine of *res judicata*, because the foreclosure action involved him, an adjudication on the merits, and his TILA claim could have been raised in the foreclosure action. (*Id.* at 21-25.) Specifically, Defendant argues as follows: (a) the operative facts underlying the state court foreclosure action and those underlying this action are part of the same transaction or factual grouping (and indeed Plaintiff previously argued in the state court action that the corrective assignment constituted a

standing defect that merited vacation of the judgment of foreclosure and sale); and (b) Plaintiff's

TILA claim arose before the entry of the judgment of foreclosure action and is an improper,

collateral attack on the judgment of foreclosure sale.  (*Id.*)

### 2.  Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant's motion, Plaintiff asserts four arguments.  (Dkt.

No. 82, at 1-26 [Pl.'s Opp'n Memo. of Law].)  First, Plaintiff argues that 15 U.S.C. § 1641(g)

applies to Defendant's assignment of mortgage because the plain language of the statute requires

disclosures when a mortgage loan is "sold or otherwise transferred or assigned to a third party . .

. ." (*Id.* at 11-13.)

Second, Plaintiff argues that the statute of limitations did not begin to run in 2015,

because he first received notice of the 2015 assignment of mortgage in 2018, when Defendant

first "attached it as an exhibit to a motion."  (*Id*. at 14-20.)

Third, Plaintiff argues that the doctrine of *res judicata* should not apply to his case,

because his foreclosure action was dismissed because he did not raise an objection or defense of

lack of standing in his responsive pleading or pre-answer motion to dismiss, and the New York

State Legislature recently passed a statute, N.Y. RPAPL § 1302-a, that states a party does not

waive any objection or defense based on the lack of standing in a foreclosure action if that party

fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss,

thereby permitting the Court to ignore the doctrine of *res judicata* to allow a party to benefit

from an intervening change in the law.  (*Id*. at 20-21.)

Fourth, and finally, Plaintiff argues that there are triable questions of fact precluding

summary judgment, because (a) the question of when Ms. Ellis signed the allonge as an

"assistant secretary" is critical to determining its merit, (b) there are inconsistencies in

Defendant's accounting of when Ms. Ellis signed the indorsement, (c) there are inconsistencies in the description of when it was received, and (d) there are concerns about the purported mortgage assignment.  (*Id.* at 22-25.)

### 3.   Defendant's Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition, Defendant asserts four arguments.  (Dkt. No. 86 [Def.'s Reply Memo. of Law].)  First, Defendant argues that the Court should deem admitted each fact set forth in its Statement of Material Facts due to Plaintiff's failure to comply with Local Rule 7.1(a)(3) (now Local Rule 56.1).  (*Id.* at 6-9.)

Second, Defendant argues that Plaintiff has failed to rebut Defendant's *prima facie* showing that there is no genuine dispute regarding Plaintiff's TILA claim, because (a) the law is clear that an assignment of the mortgage without a concurrent assignment of the debt obligation does not give rise to liability for a violation of 15 U.S.C. § 1641(g), and (b) Plaintiff has not presented competent evidence to refute Defendant's *prima facie* showing as to when the original note was negotiated in favor of Defendant.  (*Id.* at 9-15.)

Third, Defendant argues that Plaintiff has failed to rebut Defendant's *prima facie* showing that there is no genuine dispute that the TILA claim is time-barred by the one-year statute of limitations, because (a) Plaintiff failed to rebut Defendant's *prima facie* showing that equitable tolling is not available, and (b) Plaintiff has not rebutted Defendant's *prima facie* showing that his TILA claim is still untimely even if the statute of limitations was equitably tolled.  (*Id*. at 15-20.)

Fourth, Defendant argues that Plaintiff failed to rebut Defendant's *prima facie* showing that there is no genuine dispute that Plaintiff's TILA claim is barred by the doctrine of *res judicata*, because Plaintiff's TILA claim in this action is undeniably based on the same set of

facts as his defenses in the foreclosure action, Plaintiff had an opportunity to raise the TILA

claim in the foreclosure action but failed to do so, and that, even if N.Y. RPAPL § 1302-a was

relevant and retroactively applied to the facts of this case, it would nevertheless fail to strip the

Judgment of Foreclosure and Sale of its preclusive effect with respect to any previously waived

objections or defenses other than lack of standing.  (*Id.* at 20-21.)

## II.    RELEVANT LEGAL STANDARD

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that

there is no genuine dispute as to any material fact and that the movant is entitled to a judgment

as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is "genuine" if "the [record]

evidence is such that a reasonable jury could return a verdict for the [non-movant]."  *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[4]  As for the materiality requirement, a dispute of

fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual

disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the Court must resolve all

ambiguities and draw all reasonable inferences against the movant.  *Anderson*, 477 U.S. at 255.

In addition, "[the movant] bears the initial responsibility of informing the district court of the

basis for its motion, and identifying those portions of the . . . [record] which it believes

demonstrate[s] the absence of any genuine issue of material fact."  *Celotex v. Catrett*, 477 U.S.

317, 323-24 (1986).  However, when the movant has met its initial burden, the non-movant must

---

[4]      As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to
create a genuine issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation
omitted].  As the Supreme Court has explained, "[The non-movant] must do more than simply
show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus.
Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

come forward with specific facts showing a genuine issue of material fact for trial.  Fed. R. Civ.

P. 56(a), (c), (e).[5]

Implied in the above-stated burden-shifting standard is the fact that, where a non-movant

willfully fails to respond to a motion for summary judgment, a district court has no duty to

perform an independent review of the record to find proof of a factual dispute–even if that non-

movant is proceeding *pro se*.[6]  (This is because the Court extends special solicitude to the *pro se*

litigant largely by ensuring that he or she has received notice of the consequences of failing to

properly respond to the motion for summary judgment.)[7]  As has often been recognized by both

the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's

procedural rules.[8]

Of course, when a non-movant willfully fails to respond to a motion for summary

judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that

the motion is to be granted automatically."  *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

Rather, as indicated above, the Court must assure itself that, based on the undisputed material

facts, the law indeed warrants judgment for the movant.  *Champion*, 76 F.3d at 486; *Allen v.

Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 232 (N.D.N.Y. 2001) (Scullin,

---

[5]     Among other things, Local Rule 56.1 (previously Local Rule 7.1[a][3]) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching number paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 56.1.

[6]     *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

[7]     *Cusamano*, 604 F. Supp.2d at 426 & n.3 (citing cases).

[8]     *Cusamano*, 604 F. Supp.2d at 426-27 & n.4 (citing cases).

C.J.); N.D.N.Y. L.R. 7.1(b)(3).  What the non-movant's failure to respond to the motion does is lighten the movant's burden.

For these reasons, this Court has often enforced Local Rule 56.1 (previously Local Rule 7.1[a][3]) by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement,[9] even where the non-movant was proceeding *pro se*.[10]

Similarly, in this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(a)(3).[11]  Stated another way, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determined

---

[9]    Among other things, Local Rule 56.1 (previously Local Rule 7.1[a][3]) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[10]    *Cusamano*, 604 F. Supp.2d at 427 & n.6 (citing cases).

[11]    *See*, *e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]); *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

that the moving party has met its burden to demonstrate entitlement to the relief requested

therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be

deemed as consent to the granting or denial of the motion, as the case may be, unless good cause

is shown."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30,

2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at

*2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

## III.   ANALYSIS

After carefully considering whether Plaintiff is entitled to summary judgment, the Court

answers that question in the affirmative for the reasons stated in Defendant's memoranda of law.

(Dkt. No. 69, Attach. 1; Dkt. No. 86.)  To those reasons, the Court adds the following analysis,

which is intended to supplement, and not supplant, Defendant's reasoning.

### A.   Whether the 2015 Assignment of Mortgage Assigned Defendant a Debt Obligation

In pertinent part, Section 1641(g) states, "In addition to other disclosures required by this

subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise

transferred or otherwise assigned to a third party, the creditor that is the new owner or assignee

of the debt shall notify the borrower in writing of such transfer."  15 U.S.C. § 1641(g).  This

Court previously addressed the notice requirements of 15 U.S.C. § 1641(g) in *Garrasi v.

Christiana Trust*. 16-CV-1035, 2017 WL 4334134, at 6 n.7 (N.D.N.Y. Sept. 28, 2017)

(Suddaby, C.J.).  There, the Court identified several cases recognizing that, "[b]ased on its plain

language, [Section] 1641(g)'s disclosure obligation is triggered only when ownership of the

'mortgage loan' or 'debt' itself is transferred, not when the instrument securing the debt (that is,

the mortgage) is transferred."  *Rider v. HSBC Mortg. Corp. (USA)*, 12-CV-0925, 2013 WL

3901519, at *4 (S.D. Ohio July 29, 2013) (quoting *Giles v. Wells Fargo Bank, N.A.*, 519 F.

App'x 576, 578 [11th Cir. 2013]); *accord, e.g., In re Bishop*, 13-CV-0977, 2014 WL 1266363, at

*7 (D. De. Mar. 21, 2014) ("[C]ase law confirms that what matters for § 1641(g) purposes is

[the] transfer of the debt obligation, not merely [the] assignment of the mortgage.") (quoting

*Connell v. CitiMortgage, Inc.*, 11-CV-0443, 2012 WL 5511087, at *8 [S.D. Ala. Nov. 13, 2012]

); *Foley v. Wells Fargo Bank, N.A.*, 11-CV-62314, 2012 WL 4829124, at *3 (S.D. Fla. Sept. 28,

2012) (concluding that Wells Fargo's "interests in the Mortgage, not in the Note, that were

conveyed to [it] by the . . . 2010 Assignment were insufficient to trigger the notification

requirements of § 1641(g)" because Wells Fargo was not "'the creditor that is the new owner or

assignee *of the debt*,' which is to whom the very terms of the statute apply the 30-day notice

requirement").

Here, in his Complaint, Plaintiff alleges that in February 2018 he received an Assignment

of Mortgage assigning the deed of trust on his home from his original lender, effective July 20,

2015.  (Dkt. No. 2, at ¶ 4.)  Despite Plaintiff's arguments to the contrary, such an assignment

does not give rise to liability for a violation of Section 1641(g) because of the lack of admissible

record evidence that Defendant is a new owner or the new assignee of a mortgage loan.  *See,*

*e.g., Jara v. Aurora Loan Servs.,* 852 F. Supp. 2d 1204, 1209 (N.D. Cal. 2012) ("15 U.S.C. §

1641(g) only applies to creditors who are new owners or assignees of [a] mortgage *loan*, and Mr.

Jara does not allege that Aurora is a new owner or assignee of his *loan*.") (emphasis added).

Accordingly, Plaintiff does not have a valid TILA claim against Defendant.[12]

---

[12]    Plaintiff also mistakenly argues that, because the Court rejected the argument on
Defendant's original motion to dismiss (Dkt. No. 28), the Court should do so again.  (Dkt. No.
82, at 11-13.)  However, Plaintiff does not properly identify the Court's ruling in its previous
decision: that Defendant's affirmative defense arguments were improper for a motion to dismiss

B.      **Whether Plaintiff's TILA Claim Is Barred by the Statute of Limitations**

The statute of limitations for filing a private action for monetary damages under TILA is

one year." *Kelmetis v. Fed. Nat'l Mortg. Assoc.*, 16-CV-0246, 2017 WL 395120, at *6

(N.D.N.Y. Jan. 27, 2017) (D'Agostino, J.).  Plaintiff does not appear to dispute that this

limitations period expired in or around August 30, 2016 (i.e., one year after the thirty-day period

following the assignment); instead, Plaintiff argues that he is entitled to equitable tolling dating

back to February 2018, eight months before this case was filed.  (Dkt. No. 82 at 18-20 [Plf.'s

Opp'n Memo. of Law].)  However, "equitable tolling will not be applied unless the plaintiff

alleges affirmative acts of concealment by the defendant over and above any alleged non-

disclosure that forms the basis of her claims." *Kelmetis*, 2017 WL 395120, at *6 (quoting

*Futterman v. Washington Mut. Bank, FA*, 10-CV-1002, 2010 WL 5067650, at *2 [N.D.N.Y.

Dec. 6, 2010] [Kahn, J.]).

> To invoke the doctrine of fraudulent concealment properly [for purposes
> of seeking an equitable tolling of the statute of limitations], a plaintiff
> must establish three elements, including (1) wrongful concealment by
> defendants [of their actions] (2) which prevented plaintiff's discovery of
> their nature of the claim within the limitations period, and (3) due
> diligence in pursuing the discovery of the claim.

*Reeder v. Robinson*, 16-CV-1129. 2018 WL 3121633, at *5 (N.D.N.Y. Jan 24, 2018) (Danks,

M.J.) (quoting *Richard v. LeClaire*, 15-CV-0006, 2017 WL 4349381, at *2 [N.D.N.Y. Sept. 29,

2017] [Sannes, J.]).

"A claim of fraudulent concealment must be pled with particularity, in accordance with

the heightened pleading standards of Fed. R. Civ. P. 9(b)." *Hinds Cty., Miss. v. Wachovia Bank*

---

for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) but are more appropriate for a
motion for summary judgment pursuant to Fed. R. Civ. P. 56.

*N.A.*, 620 F. Supp. 2d 499, 520 (S.D.N.Y. 2009).  As to the circumstances of fraud, "the complaint must '(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent.'"  *Lorely Fin. (Jersey No. 3 Ltd. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 171 (2d Cir. 2015) (quoting *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 [2d Cir. 2004]).  As to the defendant's mental state, although the heightened pleading standard does not apply, the plaintiff "must nonetheless allege facts 'that give rise to a strong inference of fraudulent intent.'"  *Loreley Fin.*, 797 F.3d at 171 (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 [2d Cir. 2006]).  "In determining the adequacy of [the plaintiff's] fraud pleadings under these various requirements, we view the alleged facts in their totality, not in isolation."  *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 [2007]).

Here, Plaintiff has failed to identify with particularity the circumstances constituting fraud or mistake.  "[I]n cases involving TILA, the courts have held uniformly that fraudulent conduct *beyond the nondisclosure itself* is necessary to equitably toll the running of the statute of limitations[,] . . . because if the very nondisclosure or misrepresentation that gave rise to the TILA violation also tolled the statute of limitations, the effect of the statute of limitations would be nullified."  *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 286 (S.D.N.Y. 2011) (internal quotation marks omitted; emphasis in original).  Because Plaintiff has failed to adduce admissible record evidence establishing (let alone plead with particularity) any fraudulent conduct that Defendant engaged in beyond the nondisclosure itself, the Court finds that the statute of limitations should not be equitably tolled.

17

Accordingly, for all of these reasons, the Court finds, in the alternative, that Defendant is entitled to summary judgment because Plaintiff's claim is time-barred by the statute of limitations.

### C.  Whether Plaintiff's TILA Claim Is Barred by the Doctrine of *Res Judicata*

"Under the Constitution's Full Faith and Credit Clause, *see* U.S. Const. Art. IV, § 1, federal courts must accord state court judgments the same preclusive effect as other courts within that state." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citing *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81 [1984]).  The Court's "analysis is governed by New York State law, which has adopted a transactional approach to *res judicata*, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos*, 14 F.3d at 790 (emphasis added) (citing *Smith v. Russel Sage College*, 54 N.Y. 2d 185 [1981]).  "To prove the affirmative defense [of *res judicata*] a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff[] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monohan v. New York City Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000) (citing *Allen v. McCurry*, 449 U.S. 90, 94 [1980]).

Here, Defendant has provided uncontroverted evidence that the operative facts alleged in both actions are a part of the same transaction and factual grouping.  In the Foreclosure Action, Plaintiff has argued that the 2015 assignment of mortgage evidenced a standing defect sufficient to vacate the foreclosure judgment and to dismiss the action.  (*See, supra,* Part I.B. of this Decision and Order.)  In this case, Plaintiff seeks a computation of damages due to Defendant's

alleged failure to notify him of the 2015 assignment of mortgage in accordance with 15 U.S.C. § 1641(g).  (*See generally* Dkt. No. 2 [Plf.'s Compl].)  Although Plaintiff seeks dissimilar forms of relief in the two actions, both the Complaint in this action and Plaintiff's defense in the Foreclosure Action involve allegations relating to the origin of Plaintiff's mortgage and its subsequent assignment.  *Harris v. BNS Mortg. Inc.,* 737 F. App'x 573, 576 (2d Cir. 2017).

Moreover, Defendant has satisfied all three elements necessary to invoke the doctrine of *res judicata* and preclude Plaintiff's TILA claim.  A judgment of foreclosure and sale, even if obtained by default, is a final adjudication of the merits.  *See EDP Med. Comput. Sys. Inc. v. United States*, 480 F.3d 621, 626 (2d Cir. 2007) ("*Res judicata* does not require the precluded claim to actually have been litigated . . . . That is why it has long been the law that default judgments can support *res judicata* as surely as judgments on the merits."); *Henry Modell & Co., Inc. v. Minister, Elders & Deacons of Reformed Protestant Dutch Church of City of New York*, 68 N.Y. 2d 456, 461 (N.Y. 1986) ("[A] party is not free to remain silent in an action in which he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory."); *Harris,* 737 F. App'x at 575. Additionally, there is no dispute that Plaintiff was a party to the foreclosure action; Plaintiff has been contesting the foreclosure action for more than eleven years, even after the entry of the October 26, 2017, foreclosure order.  (*See, supra,* Part I.B. of this Decision and Order.) Accordingly, the Court must determine whether Plaintiff's TILA claim could have been raised in the prior action.

The Court concludes that Plaintiff could have raised his TILA claim in the prior action.[13]
Assuming Plaintiff's TILA claim did not arise until he discovered the 2015 assignment of
mortgage, the unrebutted evidence demonstrates that Plaintiff became aware of the 2015
assignment of mortgage in August 2017, prior to the entry of the October 26, 2017, judgment of
foreclosure and sale.  Although Plaintiff's points to the affidavit of Mr. Rosendale in opposition
to Defendant's position, the Court notes that Mr. Rosendale's representation fails to rebut the
presumption of the mailing of the 2015 Assignment of Mortgage on August 11, 2017.
Specifically, Mr. Rosendale's affidavit does not assert that he resided with Plaintiff or that he
had any personal knowledge of what mail was delivered to Plaintiff's home on August 11, 2017,
or any other day.  (*See generally* Dkt. No. 82, Attach. 1.)  Thus, Plaintiff has no basis other than
inadmissible hearsay on which to challenge the affidavit of service of Defendant's foreclosure
counsel.  Inadmissible hearsay cannot be considered on a motion for summary judgment.
*Niedzieko v. Del. & Hudson Ry. Co.*, 18-CV-0675, 2019 WL 1386047, at *38 (N.D.N.Y. Mar.
27, 2019) (Suddaby, C.J.).  Accordingly, even if the accrual date was resolved most favorably to
Plaintiff, he would nevertheless have had the opportunity to litigate his TILA claim in the
Foreclosure Action.  Because Plaintiff had an opportunity to raise his TILA claim in the related
foreclosure action, and he failed to do so, he is now precluded from re-litigating the waived
claim.

---

[13]     Plaintiff's reliance on N.Y. RPAPL § 1302-a is misplaced because the statute, by its own
terms, strips neither the October 26, 2017, judgment of foreclosure and sale, nor the Hon.
Christopher E. Cahill's decision to not vacate the judgement of foreclosure and sale, of its
preclusive effect regarding any other previously waived objections or defenses other than lack of
standing.

For all of these reasons, the Court finds, in the alternative, that Plaintiff's TILA claim is barred under the doctrine of *res judicata*.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 69) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 2) is **<u>DISMISSED</u>**.

Date:   March 19, 2021
          Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

21